THE STATE VS. RICHARDS.

*March 3 — March 18, 1890,*

*Criminal law: Resorting to or becoming inmate of house of ill fame:
Repeal of statute: Pleading.*

1. Sec. 2, ch. 116, Laws of 1887, creating the offense of resorting to or
   becoming an inmate of a house of ill fame, was not repealed by
   ch. 338, Laws of 1889.
2. An information under said sec. 2, charging that the defendant "did
   unlawfully and feloniously resort-to, frequent, and become an in-
   mate of a house of ill fame resorted to for the purpose of prostitu-
   tion and lewdness," is *held* sufficient after verdict, although not
   charging that the defendant had knowledge of the character of
   the house.
3. The place where the house was situated was stated with sufficient
   particularity by alleging it to have been in the town of V. in the
   county of A.

REPORTED from the Circuit Court for *Ashland* County.

The defendant was tried and convicted on an informa-
tion charging " that on the 26th day of November, A. D.
1889, at the town of Vaughn in said county of Ashland," he
" did unlawfully and feloniously resort to, frequent, and
become an inmate of a house of ill fame resorted to for the
purpose of prostitution and lewdness, then and there situ-
ate, against the peace and dignity of the state of Wiscon-
sin." Four questions have been reported to this court for
determination. Two of them are stated in the opinion.
The others are as follows: " 3. Should the motion in ar-
rest of judgment be granted and defendant discharged?
4. Should the motion made to set aside the verdict have
been denied?"

*L. K. Luse,* Assistant Attorney General, for the state.

For the defendant there was a brief by *Cole & O'Keefe,*
and oral argument by *Rublee A. Cole.*

Cole, C. J.   The judge of the circuit court of Ashland county has certified to this court for decision these questions:    (1) Is sec. 2, ch. 116, Laws of 1887, now in force, or has it been repealed?   (2) Does the complaint or information state facts sufficient to constitute an offense under the law?   Two other questions are certified, but they will be sufficiently answered by the decision of the questions above stated.

By the first section of ch. 116, Laws of 1887, sec. 4589, R. S., is amended by increasing the penalty for keeping a house of ill fame resorted to for purposes of prostitution. The second section of the act makes it an offense for any person to resort to, frequent, or become an inmate of, any house of ill fame of any description.   In the information the defendant is charged with the crime of unlawfully and feloniously resorting to, on a day specified, and becoming an inmate of, a house of ill fame resorted to for purposes of prostitution and lewdness, which house was situated in Ashland county.   On the trial the defendant was convicted of the offense as charged.   We must, of course, assume that the evidence sustained the conviction.   The inquiry, then, is, Is the provision in the act of 1887 which creates the offense still in force?   We are clearly of the opinion that it is.   It is claimed that sec. 2 of ch. 116 was repealed by ch. 338, Laws of 1889.   We cannot concur in that view. Ch. 338, Laws of 1889, professes to and does amend the first section of ch. 116, but does not change, nor attempt to change, the second section of that act.   The second section is clearly and distinctly an independent provision, creating a new offense, and is in no way connected with the first section, nor with that provision of the Revised Statutes which is amended by the first section.   These different provisions of law relate to different offenses — one for keeping a house of ill fame, resorted to for the purpose of illicit sexual intercourse; the other, the offense of resorting to,

or becoming an inmate of, a! house of ill fame' of any description. The provision of the Revised Statutes amended relates wholly to the first offense, and contains nothing in relation to the second. Ch. 116 is divided into two separate sections,— the first, in terms, being an amendment of sec. 4589, R. S.; but the other creating, as we have said, a new offense. The law of 1889, which is entitled "An act to amend sec. 4589, R. S., as amended by ch. 116, Laws of 1887," relates exclusively to the matter contained in the first section. It does not relate to the matter contained in the second section at all. So we have no doubt whatever that the provision in the law of 1887 which makes it a crime to frequent or become an inmate of a house of ill fame still is in force.

If there were any room to doubt as to the correctness of this view, it would be removed by ch. 420, Laws of 1889, which in effect provides that, in any prosecution for being an inmate or frequenter of a house of ill fame, it shall be competent for the prosecution to establish the character of the house by showing that the same has a common or general reputation of being a house of ill fame, which showing shall be *prima facie* evidence that such is its character. This is a plain recognition on the part of the legislature that the offense created by the second section of ch. 116, Laws of 1887, still exists; for otherwise they would not have legislated in reference to that offense. So our answer to the first question submitted is that sec. 2, ch. 116, Laws of 1887, has not been repealed, but is still in force.

Does the information state an offense under the law? We think it does. It is objected that the information does not charge that the defendant had knowledge of the character of the house, nor does it sufficiently describe the premises or the house which the defendant frequented. We are inclined to hold the information good, certainly after verdict. We must presume that the jury were satisfied from the evi-

dence that the defendant knew the character of the house to which he resorted, because they in fact found that he unlawfully and feloniously frequented the house for lewd purposes. The offense is charged in language stronger than the statute which creates and describes the offense. We therefore hold it good after verdict. If the information was defective, and had been objected to on the ground that it did not allege knowledge on the part of the defendant as to the character of the house, the court could have directed it to be amended on the trial so as to obviate the objection. It was surely not necessary to state with more particularity the place where the house was situated which was resorted to.

It seems hardly necessary to add that it follows, from the views expressed, that the third question is answered in the negative, and the fourth question in the affirmative. We must confine ourselves strictly to a consideration of the questions submitted, as it would be improper for us to decide other questions. It follows that the record must be transmitted to the circuit court, with our decision of the questions submitted.

*By the Court.*— It is so ordered.